**In re: Rodney R. BROWN, Debtor.**

**Rodney R. Brown, Plaintiff–Appellant,**

v.

**Option One Mortgage Co.; Bank of New York, as Trustee; Kip–John Lending Inc., Defendants–Appellees.**

No. 00–35336.

D.C. No. CV–99–01081–JCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 2001.

Decided Jan. 28, 2002.

Before BOOCHEVER, TASHIMA, and TALLMAN, Circuit Judges.

### MEMORANDUM *

Because the parties are familiar with the details, we include only a brief statement of facts.

In 1997, while serving time in prison, appellant Rodney Brown ("Brown") executed an attorney-in-fact agreement in favor of his brother William Michael Brown ("Michael"). The general power of attorney specifically authorized Michael to "sell, convey, exchange or otherwise transfer or encumber any real or personal property of [Brown]," and to "sign, seal, execute and acknowledge all written instruments . . . as fully as [Brown] could do if personally present." Working with mortgage broker James Cunningham, Michael applied for five loans in Brown's name from appellee Option One Mortgage ("Option One"). Michael did not identify himself as acting as Brown's attorney-in-fact. Instead, Michael simply wrote and signed his brother's name on the loan documents. Michael also provided false information concerning Brown's employment.

After Option One approved the five loans, Option One wired loan funds to Zachary Kinneman, who at Cunningham's suggestion was used as the escrow agent.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Kinneman distributed $92,000 to Michael ($8,000 more than the parties had agreed would be distributed to Brown). After satisfying two of the outstanding mortgages on the properties, Kinneman absconded with the remaining $278,000, leaving three properties encumbered by pre-existing loans. Michael eventually defaulted on his payments to Option One, which declared default and moved to foreclose on the five properties.

Michael filed bankruptcy on behalf of Brown. All the properties were eventually sold when the Bankruptcy Court lifted its automatic stay on the foreclosure proceedings. Brown then brought this adversary proceeding in bankruptcy court against Kinneman, Cunningham, and Option One. The complaint asked for recission of the loans and a declaratory judgment. The complaint included a claim for damages against Option One for the misfeasance of Kinneman, the escrow agent, on the theory that he was acting as Option One's agent when he failed to pay off the underlying mortgages.

The bankruptcy court granted summary judgment for Option One, and the district court affirmed. Brown appeals.

■ We review the district court's decision on an appeal from the bankruptcy court de novo. *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1084 n. 9 (9th Cir.2000) (en banc). Like the district court, we review the bankruptcy court's grant of summary judgment de novo. *Parker v. Cmty. First Bank (In re Bakersfield Westar Ambulance, Inc.)*, 123 F.3d 1243, 1245 (9th Cir.1997).

■ Under Washington state law, the lender bears the risk of loss of funds in escrow until the agent completes his duties under the escrow instructions. *Lechner v. Halling*, 35 Wash.2d 903, 216 P.2d 179, 183–84 (1950). ○ "[W]hen an escrow agent

absconds with money he is holding in escrow, the loss must fall upon the person as whose agent he is holding the money at that time." *Angell v. Ingram*, 35 Wash.2d 582, 213 P.2d 944, 945 (1950). "If the funds are embezzled prior to the closing of the escrow, the buyer must bear the loss. If the funds are embezzled after all the conditions have been met for closing, the seller must bear the loss." *McCarty v. Richard James Enter. Inc. (In 're Presidential Corp.)*, 180 B.R. 233, 238 (B.A.P. 9th Cir.1995) (citing *Lechner* and *Angell*).

Kinneman absconded with the money before all the escrow conditions were met for at least three of the loans. Under a mechanistic application of the Washington rule, Option One would bear the loss regarding those loans. The bankruptcy court concluded, however, that even though the escrow instructions on all the loans had not been complied with at the time that Kinneman absconded, Kinneman was not Option One's agent. Although "the test in Washington ... presumes two innocent parties," the bankruptcy court noted that Kinneman paid Michael more than his due under the agreement, that Michael's mortgage broker had selected Kinneman, and that Michael had forged Brown's signature and lied on the loan applications, all of which were "elements that ... lead[ ] you to challenge ... the mutuality of innocence." Citing equitable concerns, the court concluded that "when you add up this bundle of sticks" the better result was to grant summary judgment to Option One. The court therefore declined to apply the Washington rule in this case.

■ We agree. The Washington rule is properly applied to cases involving two innocent parties when an escrow agent embezzles funds in "those unfortunate cases in which one party or the other must sustain a heavy loss by reason of their

misplaced confidence in a third party." *Lieb v. Webster,* 30 Wash.2d 43, 190 P.2d 701, 705 (1948). Because Kinneman embezzled funds before the escrow instructions had been complied with fully, the usual result of the escrow agent's malfeasance would be for Option One to bear the loss. This general rule applies where "[t]here is no showing that the [sellers] knew of, consented to, or approved of [the improper] payment." *Angell,* 213 P.2d at 947. But that is not the situation here. Brown and Option One are not similarly innocent parties. Brown's authorized representative, Michael, did not reveal that he was acting as Brown's attorney-in-fact, made false statements on the loan application, and received a larger share of the loan proceeds than he was due from the transaction from an unscrupulous escrow agent who was selected by his own mortgage broker. The bankruptcy court therefore departed from the Washington rule because it concluded that Brown was not an innocent party.

Brown argues, however, that the evidence implicates Michael and not Brown. But Michael, as Brown's attorney-in-fact, was acting as Brown's agent. The attorney-in-fact agreement specifically authorized Michael to sell or encumber Brown's real property and to execute written instruments "as fully as [Brown] could do if personally present." What Michael did therefore was within his authority as Brown's agent. *See Puget Sound Nat'l Bank v. Burt,* 56 Wash.App. 868, 786 P.2d 300, 301 (1990) (when attorney-in-fact signed principal's name to check, signature was not forgery because attorney-in-fact had actual authority under general power of attorney). Michael may have breached his fiduciary duty to Brown by lying on the

loan application and participating in the misappropriation of the escrow funds, but that "does not render unauthorized other acts which [Brown] had expressly authorized, such as the signing of his name." *Id.* at 302.

We conclude that summary judgment was properly granted.

AFFIRMED.